WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-15-1875-TUC-RCC (BGM) |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Francisco Alejandro Betancourt-Valenzuela, | |
| Defendant. | |

Currently pending before the Court is Defendant Francisco Alejandro Betancourt-Valenzuela's Motion to Dismiss the Indictment with Prejudice/Motion for Sanctions Based on Outrageous Governmental Conduct ("Motion to Dismiss") (Doc. 32). The Government filed its Response Re: Defendant's Motion to Dismiss Re: Outrageous Government Conduct ("Response") (Doc. 34), and Defendant filed his Reply (Doc. 38). Defendant is charged with one count of Conspiracy to Possess with Intent to Distribute Cocaine and Heroin in violation of Title 8, United States Code, Section 846; one count of Possession with Intent to Distribute Cocaine in violation of Title 8, United States Code, Sections 841(a)(1) and 841(b)(1)(C); one count of Possession with Intent to Distribute Heroin in violation of Title 8, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

Conspiracy to Import Cocaine and Heroin in violation of Title 8, United States Code, Sections 963; one count of Importation of Cocaine in violation of Title 8, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3); and one count of Importation of Heroin in violation of Title 8, United States Code, Sections 852(a), 960(a)(1), and 960(b)(3). Indictment (Doc. 26) at 1–3. Defendant Francisco Alejandro Betancourt-Valenzuela argues that his detention by United States Immigration and Customs Enforcement ("ICE"), despite having been validly released pursuant to the Bail Reform Act ("BRA"), 18 U.S.C. § 3141, *et seq.*, warrants dismissal of the pending criminal matter pursuant to this Court's supervisory powers. *See* Def.'s Mot. to Dismiss (Doc. 32).

Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. On December 14, 2015, an evidentiary hearing was held before Magistrate Judge Macdonald, and the matter taken under advisement. Amended Minute Entry 12/14/2015 (Doc. 45). After the hearing, the Government provided the Court with supplemental information regarding the ICE detainer, as well as the status of Defendant's immigration case. *See* Govt.'s Suppl. (Doc. 46). The Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's motion and release him on his previously imposed conditions of release.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On September 28, 2015, Defendant Francisco Alejandro Betancourt-Valenzuela was charged in a criminal complaint and had his Initial Appearance in this matter. *See*

- 2 -

Compl. (Doc. 1); Minute Entry 9/28/2015 (Doc. 3). Defendant Betancourt-Valenzuela is a Legal Permanent Resident. Order 10/9/2015 (Doc. 15) at 2. On September 30, 2015, Defendant Betancourt-Valenzuela again appeared before the Court for a detention hearing. Minute Entry 9/30/2015 (Doc. 4). Pre-trial Services recommended release with conditions, but the Government objected noting an outstanding ICE detainer. *Id.* The Court took the matter under advisement, instructing the parties to submit additional briefing on the issue of factors under Section 3142(g), Title 18, United States Code, as well as the impact of the ICE detainer. Minute Entry 9/30/2015 (Doc. 4).

On October 9, 2015, Magistrate Judge Markovich issued his Order weighing the factors delineated by the BRA and denying the Government's motion for detention. Order 10/9/2015 (Doc. 15). As a result, Defendant Betancourt-Valenzuela was ordered released under the previously recommended conditions. *Id.* The Government appealed the magistrate judge's ruling to Chief Judge Collins. Govt.'s Appeal (Doc. 16). On October 15, 2015, Chief Judge Collins adopted Magistrate Judge Markovich's Order in part, and added the additional condition that Defendant Betancourt-Valenzuela post a $5,000.00 cash or corporate surety bond. Amended Minute Entry 10/15/2015 (Doc. 21). The surety posted a cash bond the same date, and Defendant Betancourt-Valenzuela was released. *Id.* On November 6, 2015, Defendant was arraigned and indicted. Minute Entry 11/6/2015 (Doc. 30).

On November 10, 2015, ICE agents took Defendant Betancourt-Valenzuela from his Tucson residence and placed him into immigration custody. Def.'s Mot. to Dismiss at 7. On December 4, 2015, the Department of Homeland Security ("DHS") issued an

- 3 -

Immigration Detainer–Request for Voluntary Action to secure Defendant's presence at a hearing regarding his motion to continue trial before Chief Judge Collins. *See* Minute Entry 12/8/2015 (Doc. 39); Govt.'s Suppl. (Doc. 46), Immigration Detainer (Exh. "1"). On December 14, 2015, the Immigration Judge granted DHS's Motion to Administratively Close Defendant Betancourt-Valenzuela's removal proceedings. Govt.'s Suppl. (Doc. 46), Order 12/14/2015 (Exh. "2").

## II. ANALYSIS

Defendant seeks dismissal with prejudice of the pending criminal matter or in the alternative a finding that ICE is in contempt of court if Defendant Betancourt-Valenzuela is not released from its custody within a specified time frame. *See* Def.'s Mot. to Dismiss (Doc. 32).

### A. *The Bail Reform Act of 1984*

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required . . ." U.S. Const. amend. VIII. Congress in enacting the BRA, determined that any person charged with a criminal offense *shall* be released pending trial: a) on personal recognizance; b) upon execution of an unsecured appearance bond; or c) on a condition or combination of conditions, *unless* "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1); *see also* 18 U.S.C. § 3142(a), (b). Moreover, "[o]nly in rare cases should release be denied, and doubts regarding the propriety of

release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (citations omitted).

In this case, Defendant Betancourt-Valenzuela was granted pre-trial release with conditions including the posting of a $5,000.00 cash bond. To date, Defendant has not violated his conditions of release.

### B.     *Immigration and Nationality Act*

United States immigration law is embodied in the Immigration and Nationality Act of 1965 ("INA"), as amended. 8 U.S.C. § 1101, *et seq.* The United States Secretary of Homeland Security is "charged with the administration and enforcement of [the INA] and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers[.]" 8 U.S.C. § 1103(a)(1).

The Government asserts that for purposes of Defendant Betancourt-Valenzuela's removal proceedings, ICE's custody is proper, because subject to exceptions not relevant here, "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a [of Title 8, United States Code.]" 8 U.S.C. § 1225(b)(2)(A). Because Defendant Betancourt-Valenzuela was returning to the United States from Mexico at the time of his arrest, he is considered an "applicant for admission." 8 U.S.C. § 1101(a)(3). Section 1225, Title 8, United States Code is entitled "Inspection by immigration officers; expedited removal of

inadmissible arriving aliens; referral for hearing." Despite the Government's strenuous assertion that this section provides authority for Defendant's current detention by ICE, Supervisory Detention and Deportation Officer Marco Mendoza testified at the evidentiary hearing that Defendant's release was the result of an administrative error by ICE. Officer Mendoza further testified that ICE removal proceedings cannot continue while a criminal case is pending against the defendant.

### C. Removal Proceedings

The Supreme Court of the United States has held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 513, 123 S.Ct. 1708, 1712, 155 L.Ed.2d 724 (2003). As such, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531, 123 S.Ct. at 1721–22. Here, it is undisputed that Defendant Betancourt-Valenzuela's removal proceedings have been administratively closed, and as such, there are no pending removal proceedings. Moreover, Officer Mendoza testimony indicated that while his criminal case is on-going, removal proceedings will not be reinstated.

### D. Dismissal of the Indictment

In his motion, Defendant relies heavily on *United States v. Trujillo-Alvarez*, 900 F.Supp.2d 1167 (D. Ore. 2012). In *Trujillo-Alvarez*, the defendant was arrested for driving with a suspended driver license. *Id.* at 1171. As a result, the defendant came to

the attention of ICE and served with a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) and advised of his rights. *Id.* The defendant's prior order of removal was reinstated. *Id.* The defendant was also indicted by a grand jury in the District of Oregon and charged with one count of illegal reentry. *Id.* At his detention hearing, defendant Trujillo-Alvarez was released on conditions set by the court. *Trujillo-Alvarez*, 900 F.Supp.2d at 1172. ICE took Trujillo-Alvarez into ICE custody and removed him from the District of Oregon. *Id.* The *Trujillo-Alvarez* court attempted to reconcile the BRA and INA, and while conceding that "[t]he government may be correct that ICE retains the ability to take Mr. Alvarez-Trujillo back into administrative custody—for the purpose of deporting him[,]" the court held that "nothing permits ICE (or any other part of the Executive Branch) to disregard the congressionally-mandated provisions of the BRA by keeping a person in detention for the purpose of delivering him to trial when the BRA itself does not authorize such pretrial detention." *Id.* at 1178.

The Government distinguishes *Trujillo-Alvarez* because the defendant in that case had a prior order of removal. In the instant case, Defendant Betancourt-Valenzuela was held in ICE custody for the purposes of a removal proceeding. That removal proceeding, however, has been administratively closed and will not commence prior to the resolution of this criminal proceeding. Moreover, the Immigration Detainer–Request for Voluntary Action indicates that "DHS transferred the subject to your custody for a proceeding or investigation" with directions to the United States Marshal that "[u]pon completion of the proceeding or investigation for which the subject was transferred to your custody, DHS intends to resume custody of the subject to complete processing." Govt.'s Suppl. (Doc.

- 7 -

46), Exh. "1" at 1. In light of the testimony that ICE will not continue removal proceedings until after the criminal case is resolved, the plain language of the form suggests that "proceeding" refers to the criminal matter currently pending. Additionally, the parties do not dispute that while on pre-trial release, Defendant Betancourt-Valenzuela remains "in custody." *Hensley v. Municipal Ct.*, 411 U.S. 345, 351, 93 S.Ct. 1571, 1575, 36 L.Ed.2d 294 (1973) (defendant subject to pre-trial release conditions is "in custody" because "he is subject to restraints 'not shared by the public generally[.]'") (citation omitted).

Despite ICE's "administrative error" giving rise to Defendant Betancourt-Valenzuela's belated incarceration, the Court finds that this does not rise to the level of outrageous conduct required for dismissal of the indictment. Furthermore, because there are no removal proceedings currently pending, the Court finds that Defendant Betancourt-Valenzuela should be released subject to his previously imposed conditions.

## III.   CONCLUSION

The Court finds that the Government's conduct in this matter is not sufficiently outrageous to warrant dismissal of the indictment. As such, Defendant's motion to dismiss should be denied.

## IV.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court DENY Defendant Francisco Alejandro Betancourt-Valenzuela's Motion to Dismiss

the Indictment with Prejudice/Motion for Sanctions Based on Outrageous Governmental Conduct (Doc. 32).  The Magistrate Judge further recommends that Defendant Betancourt-Valenzuela be released subject to his previously imposed pre-trial release conditions.

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  No reply shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CR-15-01875-TUC-RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 23rd day of December, 2015.

Honorable Bruce G. Macdonald
United States Magistrate Judge